The facts are detailed in the opinion of the Court.
Southard J.
By the bill of costs, which the justice has sent up, it appears that he has rendered judgment for 6 dollars, 15 cents, of costs, in which are comprehended the fees of five witnesses. Two only, ought to have been charged. The judgment must be corrected, as to this matter, by deducting 1 dollar, 50 cents from the amount of costs.
2. The transcript states, that after the jury was sworn, the plaintiff altered his state of demand, from 100 dollars to 50 dollars, although the alteration was objected to by the court. Defen*dant asked whether the alteration in the state of demand, was not cause for dismissing the *126 action, but did not demand a nonsuit, in consequence. After a state of demand, or other paper, is filed in the office of a justice, the party has no longer any power over it. It is a record of the court, and as such, beyond his control; he may not touch it1, or amend it, but by the express permission of the court; much less may he alter it against the will of the court. If he do alter or amend it, he takes upon himself the consequence, and has no right to complain, if his cause be dismissed. The law requires the pleadings to be filed on the return day of the summons. If a party may afterwards alter his plea, or state of demand, the law is nugatory. Its object, which was thus early to apprize the opposite party of what was objected against him, is defeated. In truth, a paper thus altered, is no longer the same. Jt ought to be regarded as withdrawn, and the plaintiff, if it be his state of demand, ought to be nonsuited. It is no answer to this objection, to say that the alteration could do no injury to the other party. It is not for one. party, to say that no injury will be done to the other, by his unlawful act; and besides, if one alteration may legally be made, I see not why another may not. I am therefore of opinion, that the justice ought to have entered a non-suit, against the plaintiff in this case. It was a cause of nonsuit, coming at once to his observation: and he ought not to have waited until the defendant should have prayed for it. Though, I think even that is sufficiently done, in the inquiry, “whether the alteration was not cause for dismissing the actionan inquiry which expresses an unwillingness that the cause should proceed any farther; and made in the way which might be expected from a man, ignorant of legal terms and judicial proceedings.
But another question, of more important aspects, is presented by this case. A wide difference seemed to exist between the gentlemen who argued the cause, as to the injury which/was complained of by the plaintiff; the one, alleging it to consist of two parts. • 1. The erection and continuance of a kitchen on the plaintiff’s land, and 2. Injury to plaintiff’s kitchen, by that of the defendant’s overhanging and throwing the rain, &e. upon it. The *127 other insisting, that the last was the subject of the complaint; the first only inducement. The state of demand certainly fails in an essential requisite of good pleading, clearness and precision; if *tlie intelligence which was engaged in the investigation, found the meaning doubtful.
To my mind, the plaintiff complains of this, that he was possessed of a lot of land and a kitchen; that defendant was possessed of a lot adjoining it; that on defendant’s lot, had been erected a kitchen, which extended upon, and occupied 2 feet and 1 inch of plaintiff’s ground; that this kitchen, so erected, leaned and projected over on the plaintiff’s land, against his kitchen, thrust it from its upright and perpendicular position, and threw the rain and water, from both the kitchens, upon it, so as to do it serious injury; and that the defendant for a long time had kept, and still continued his kitchen in that situation. He seems to make three complaints. That defendant’s kitchen is on his land; that it makes his lean over ; and that it throws the water &c. upon it.
The court is not now disposed to enter into an investigation, of that question, which has been so often stirred, and created such diversity of opinion; whether, under our statute, an action for trespass upon land can be maintained in the Court for the trial of Small Causes ? This case, keeps clear of a necessary decision upon that point. It is not a case of ordinary trespass, wheft an injury to personal property, lying on the land, or where the pedis possessio alone, is in question, but a permanent and standing trespass upon, and destruction of the freehold. The absolute title to, and property in the soil, must be inquired into, and decided by it. The title, not only may, but must come in question. The plaintiff’s state of demand, acknowledges that a part of the lot which he claims, is not in his own possession, but that the possession of it, is taken from him by the kitchen, which is in the peaceable and quiet tenure, occupancy, and possession of the defendant: yet he complains of injury, to that very part. Surely his complaint, cannot then respect the mere possession, unconnected with the idea of title.
Let the judgment be reversed for both reasons.